**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randall T. DIEM, Defendant–**
**Appellant.**

No. 01–3632.

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

MERRITT, Circuit Judge.

In this criminal sentencing appeal, the defendant pled guilty only to the wire fraud count (Count 7) of a multi-count indictment that also included bankruptcy fraud. The single issue on appeal is whether the district court erred in combining for sentencing purposes the losses arising from both the wire fraud (loss of $25,688.00) and the bankruptcy fraud (loss of $143,577.00) on the theory that the total

loss of $169,265.00 arose out of "a common scheme or plan."

We are required by statute in these cases to follow this standard with respect to sentencing:

> The Court of Appeals shall give due regard to the opportunity of the District Court to judge the credibility of the witnesses, and shall accept the findings of fact of the District Court unless they are clearly erroneous and shall give due deference to the District Court's application of the Guidelines to the facts. 18 U.S.C. § 3742(e).

Section 2B1.1 of the Sentencing Guidelines governs sentencing in fraud cases and specifies the offense level based upon the amount of the loss – in this case, requiring an increase of seven levels because the loss is "more than $120,000" if the bankruptcy loss is combined with the wire fraud loss.

The Sentencing Guidelines at § 2B1.1 at application note 2(c) instructs the courts as follows:

> *Estimation of loss.*—The court need only make a reasonable estimate of loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference. *See* 18 U.S.C. § 3742(e) and (f).

Application note 14 to the same section then provides:

> *Multiple count indictments.*—Some fraudulent schemes may result in multiple-count indictments, depending on the technical elements of the offense. The cumulative loss produced by a common scheme or plan of conduct should be used in determining the offense level, regardless of the number of counts of conviction.

In the present appeal the District Court found that the bankruptcy fraud followed upon, grew out of and completed the scheme or plan that led to the wire fraud offense and was hence a part of "a common scheme or plan of conduct."

We are unable to say that the District Court's finding of fact that the bankruptcy fraud arose out of the earlier wire fraud and was part of the same general scheme or plan is clearly erroneous or that the District Court erred in the application of the Guidelines to the facts of the case by increasing the offense level to include the amount of the loss generated by the bankruptcy fraud.

Accordingly, the judgment of the District Court is AFFIRMED.